*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

TRACY LEE MILLER,

      Plaintiff-Appellant/Cross-Appellee,

UNPUBLISHED
April 25, 2024

v

No. 366614
Calhoun Circuit Court
LC No. 2021-003295-DM

MARK ALAN MILLER,

      Defendant-Appellee/Cross-Appellant.

Before: M. J. KELLY, P.J., and JANSEN and MURRAY, JJ.

MURRAY, J. (*concurring*).

I fully concur in the majority opinion. Though not raised by either party on appeal, I write separately to point out that the trial court should have conducted this trial in-person, rather than remotely. Prior to trial plaintiff moved to have the trial conducted in-person, and defendant concurred. Thus, both parties preferred that their trial—a trial that involved custody of their child and the division of their assets, and that would have a significant impact on the family and their futures—be conducted in the courtroom. At the time the court denied the motion, MCR 2.408(A) provided that the use of videoconferencing technology shall not be used in bench trials, unless after notice the court determines otherwise.[1] Here, after analyzing the factors under MCR 2.407(C)(3),(4) and (7), the court determined that an in-person trial was not necessary. But in addressing these factors, the court seemed to view them with a presumption to having a remote proceeding. For example, in its analysis of (C)(3), the court noted that it was geared towards providing convenience to the parties—but the parties *wanted* the in-person trial, so they clearly decided to *forego* any convenience to gain the advantage of presenting live testimony to the court. As to the remaining factors, the court simply indicated that cross-examination can effectively occur

---

[1] The motion hearing was held on September 26, 2022, and MCR 2.408 was effective September 9, 2022. See ADM File No. 2020-08 (August 10, 2022).

-1-

over a video, and it could control the proceedings. But trials are to be held in the public courtrooms, MCR 2.408(A), and to not hold one in-person on the basis that it *can* be performed remotely is inconsistent with the court rules and our legal traditions.

/s/ Christopher M. Murray